(No. 5486—

THE HOPE SCHOOL, INCORPORATED, A Not-For-Profit Corporation, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 28, 1968.*

TRAYNOR AND HENDRICKS, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; LEE D. MARTIN, Assistant Attorney General, for Respondent.

DOVE, J.

Claimant, The Hope School, Inc., a Not-for-Profit Corporation, filed its claim against respondent for the sum of $600.83 for care of Bonnie Ferguson, a blind person, who was being cared for by the Department of Mental Health, Division of Mental Retardation Services.

A Departmental Report was filed, which stated in part as follows:

"It is true that there is due to The Hope School the sum of $600.83 for the care of Bonnie Ferguson, which is correctly revealed in exhibit B of the filed complaint.

"Since the sum of $600.83, which is due The Hope School, was incurred prior to June 30, 1967, or in the 74th Biennium, the Illinois Department of Mental Health, Division of Mental Retardation Services, could not authorize payment of such funds to The Hope School out of 75th biennium appropriations."

Subsequently a stipulation was entered into by claimant and respondent as follows:

"The report of the Department of Mental Health dated March 28, 1968 (a copy of which is attached hereto, marked exhibit A, and, by this reference, incorporated herein and made a part hereof) shall be admitted into evidence in this proceeding without objection by either party.

"No other oral or written evidence will be introduced by either party.

"The Commissioner to which this case has been assigned and the Court may make and file their reports, recommendations, orders and decisions based upon the pleadings heretofore filed, and the evidence herein stipulated.

"Neither party objects to the entry of an order in favor of claimant and against respondent in the sum of $600.83.

"Neither party desires to file briefs in this proceeding.

"Both parties waive notice of any hearing, and agree that the aforesaid order may be entered without either party being present."

This is a matter of a lapsed appropriation, and this Court has repeatedly held that, where a contract has been (1) properly entered into; (2) service is satisfactorily performed, and materials furnished in accordance with such contract; (3) proper charges made therefor; (4) adequate funds were available at the time the contracts were entered into; and, (5) the appropriation for the biennium from which claim could have been paid had lapsed, it would enter an award for the amount due.

Claimant, The Hope School, Inc., is thereby awarded the sum of $600.83.